FILED
2017 Jun-01 PM 03:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DEVYN WILLIAMS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CASE NO.:** |
| ) | |
| **STATE OF ALABAMA** ) | |
| **DEPARTMENT OF** ) | **JURY DEMANDED** |
| **CORRECTIONS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## COMPLAINT

**COMES NOW** Plaintiff, **DEVYN WILLIAMS**, by and through her undersigned counsel of record, and files this Complaint against Defendant, **STATE OF ALABAMA DEPARTMENT OF CORRECTIONS**. As grounds for this Complaint, Plaintiff states as follows:

## INTRODUCTION

1. This is a suit authorized and brought to secure protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of Congress known as the "Civil Rights Act of 1964," codified at 42 U.S.C. § 2000(e) et seq., as amended by the "Pregnancy Discrimination Act of 1978" (hereinafter "Title VII").

1

## JURISDICTION & VENUE

2.     Jurisdiction is invoked pursuant to 28 U.S.C. § 1331.

3.     The complained of actions challenged in this Complaint occurred in Jefferson County, Alabama.  Venue is proper pursuant to 28 U.S.C. § 1391(b).

## ADMINISTRATIVE EXHAUSTION

4.     Plaintiff submitted one (1) Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC"), which was related to her employment with Defendant.

5.     The Charge was filed on February 29, 2016.  (See Exhibit "A").

6.     The Charge, bearing number 420-2016-01397, alleged discrimination based on Plaintiff's sex, female, and her pregnancy.

7.     Following its investigation, the EEOC issued a Notice of Right to Sue to Plaintiff with respect to the Charge on March 1, 2017.  (See Exhibit "B").

8.     Plaintiff received the Notice of Right to Sue on Friday, March 17, 2017.

9.     Plaintiff has now filed her Complaint within ninety (90) days of her receipt of the Notice of Right to Sue, and has, therefore, exhausted all administrative remedies with respect to the Charge before filing her claim with this Court.

## PARTIES

10. The Plaintiff, Ms. Devyn Williams ("Plaintiff" or "Ms. Williams"), is a citizen of the United States of America, over the age of nineteen (19), and is a resident of Shelby County, Alabama.

11. The Defendant, the State of Alabama Department of Corrections ("ADOC" or "Defendant"), was Plaintiff's employer during all times relevant to this cause of action, and has a principal address located in Montgomery, Alabama.

12. Defendant, ADOC, does business in the state of Alabama and is an "employer" within the meaning of § 701(b) of Title VII in that it engages in an industry affecting commerce, and has employed more than the requisite number of persons for the requisite duration of time under Title VII.

13. The actions that are the basis of this Complaint occurred at ADOC's Donaldson Correctional Facility location in Bessemer, Alabama.

## FACTUAL ALLEGATIONS

14. The Plaintiff re-alleges and incorporates by reference paragraphs one (1) though thirteen (13) above with the same force and effect as if fully set out in specific detail herein below.

15. Plaintiff is a female.

16. On or about May 2015, Plaintiff became employed by the Defendant as a Correctional Officer Trainee at Donaldson Correctional Facility.

17. Donaldson Correctional Facility is located in Bessemer, Alabama.

18. In or around August 2015, Plaintiff became pregnant.

19. Plaintiff notified ADOC of her pregnancy in or around December 2015.

20. Plaintiff provided a letter from Dr. Greg Banks dated January 5, 2016, to ADOC stating that she should be excused from performing "PT training" for the remainder of her pregnancy.

21. On or about January 21, 2016, Warden, Leon Bolling ("Warden Bolling") told Plaintiff that because she was pregnant she was unable to perform physical training and presented her with the option to resign or be terminated.

22. Warden Bolling told Plaintiff that she would only be eligible for re-hire if she agreed to resign, rather than be terminated.

23. Warden Bolling also told Plaintiff that the ADOC would not contest her application for unemployment if she resigned, rather than be terminated.

24. Plaintiff initially declined Warden Bolling's offer and told him that she would pursue an internal transfer.

25. Warden Bolling continued to pressure Plaintiff to resign.

26. On or about January 26, 2016, Warden Bolling presented Plaintiff with a resignation form letter for her signature.

27. Feeling that she had no other choice, Plaintiff succumbed to Warden Bolling's threats and signed the resignation letter.

28. Plaintiff subsequently received a letter dated the day before, January 25, 2016, from Commissioner Jefferson S. Dunn ("Commissioner Dunn") notifying her that she had already been terminated.

29. The reason Commissioner Dunn gave for Plaintiff's termination in the letter was that the services that she had provided were no longer needed.

## COUNT ONE
## GENDER (PREGNANCY) DISCRIMINATION
## IN VIOLATION OF TITLE VII

30. The Plaintiff re-alleges and incorporates by reference paragraphs one (1) through twenty-nine (29) above with the same force and effect as if fully set out in specific detail herein below.

31. ADOC terminated Plaintiff's employment on or about January 25, 2016.

32. Unaware of her termination, Plaintiff was subsequently forced by Warden Bolling to resign on January 26, 2016.

33. Plaintiff was pregnant when ADOC terminated her employment, and ADOC was aware of Plaintiff's pregnancy at that time.

34. Plaintiff was satisfactorily performing her duties as a Correctional Officer Trainee when ADOC terminated Plaintiff's employment.

35. ADOC employees who were similarly situated to Plaintiff, but not pregnant, were not discharged by ADOC when their performance was comparable or inferior to Plaintiff's performance.

36. ADOC's termination of Plaintiff was motivated by Plaintiff becoming pregnant.

WHEREFORE premises considered, Plaintiff demands judgment against the Defendant for compensatory damages, punitive damages, consequential damages, incidental damages, the costs of this action, interest, attorney's fees, and any other, further, and different relief to which she may be entitled.

## JURY DEMAND

Plaintiff demands a trial struck by jury herein.

Respectfully submitted,

*/s/ Joshua A. Wrady*
Joshua Wrady (WRA002)
Anthony Michel (MIC015)
*Attorneys for Plaintiff*

**WRADY & MICHEL, LLC**
505 20th Street North
Suite 1650
Birmingham, Alabama 35203
Tel: (205) 980-5700
Fax: (205) 994-2819

**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

State of Alabama Department of Corrections
c/o Jody Stewart, Esq.
Alabama Criminal Justice Center
301 South Ripley Street
Montgomery, Alabama 36130-1501

State of Alabama Office of the Attorney General
c/o Steve Marshall, Attorney General
501 Washington Avenue
Montgomery, Alabama 36104