UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DEVYN WILLIAMS,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:17-CV-899-RDP |
| } | |
| **STATE OF ALABAMA DEPARTMENT** } | |
| **OF CORRECTIONS,** } | |
| } | |
| **Defendant.** | |

## MEMORANDUM OPINION

### I.  Introduction

This matter is before the court on Defendant's Motion to Dismiss Plaintiff's Complaint. (Doc. # 7).  In its Motion, Defendant seeks dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6).  Defendant's Motion is fully briefed.  (Docs. # 7, 9, 10).  While Defendant has requested oral argument in this action (Doc. # 11), the issues presented can be decided with the aid of the parties' written submissions alone.  For the reasons stated below, Defendant's Motion is due to be denied.

### II.  Factual Background

Plaintiff, a female, began her employment with Defendant as a Correctional Officer Trainee in May 2015.  (Doc. # 1 at ¶ 16).  In August 2015, Plaintiff became pregnant.  (*Id.* at ¶ 18).  Plaintiff notified Defendant of her pregnancy around December 2015.  (*Id.* at ¶ 19).  Later, she provided Defendant a letter from Dr. Greg Banks, dated January 5, 2016, which stated that she should excused from performing "PT training" for the remainder of her pregnancy.  (*Id.* at ¶ 20).  On January 21, 2016, Warden Leon Bolling told Plaintiff that because she was pregnant she was unable to perform physical training.  (*Id.* at ¶ 21).  Accordingly, Bolling presented Plaintiff

with the option to resign or to be terminated. (*Id.*). Plaintiff initially declined to resign; however, she eventually signed a resignation letter which Bolling presented to her. (*Id.* at ¶¶ 22-27). Plaintiff later received a letter from Commissioner Jefferson S. Dunn notifying her that she had been terminated. (*Id.* at ¶ 28). Plaintiff contends that she had satisfactorily performed her duties as a Correctional Officer Trainee prior to her termination, and that other similarly situated employees who were not pregnant were not discharged when their performance was comparable or inferior to Plaintiff's performance. (*Id.* at ¶¶ 34, 35).

## III. Standard of Review

The Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Still, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the nonmoving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate

"more than a sheer possibility that a defendant has acted unlawfully." *Id*. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556. The Supreme Court has identified "two working principles" for a district court to use in applying the facial plausibility standard. First, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions when they are "couched as . . . factual allegation[s]." *Iqbal*, 556 U.S. at 678. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

Application of the facial plausibility standard involves two steps. Under prong one, the court must determine the scope and nature of the factual allegations that are well-pleaded and assume their veracity; and under prong two, the court must proceed to determine the claim's plausibility given the well-pleaded facts. That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Id.* If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Id.*

## IV. Analysis

Plaintiff's sole claim for relief is made under Title VII. Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. . . .'" *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1288 (11th Cir. 2003) (quoting 42 U.S.C. § 2000e–2(a)(1)). Plaintiff is not required to prove directly that race was the

reason for the employer's challenged decision; instead, Plaintiff may rely on either direct[1] or circumstantial evidence of discrimination. *See, e.g., id.*; *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 526 (1993) ("Because Title VII tolerates no racial discrimination, subtle or otherwise, we devised a framework that would allow both plaintiffs and the courts to deal effectively with employment discrimination revealed only through circumstantial evidence." (internal quotations and citations omitted)).

To prevail on a claim for discrimination under Title VII based on circumstantial evidence, Plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was treated less favorably than a similarly-situated individual outside his protected class. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

In its Motion, Defendant contends that Plaintiff's complaint fails to state a claim because it fails to allege that Plaintiff was qualified for her position. Specifically, Defendant argues that, as a trainee, Plaintiff was only a probationary employee. (Doc. # 7 at ¶ 3). In order to advance beyond trainee status, ADOC Administrative Regulations (a copy of which Defendant attached to its Motion) required Plaintiff to complete Basic Academy Training within a year of her employment date. (*Id.* at ¶ 4). Further, in order to complete the correctional training course, Plaintiff was required to pass a physical agility/ability test. (*Id.*). Defendant contends that Plaintiff admitted in her complaint that she was unable to complete these requirements, and as such, she has not pled that she was qualified for the position. (*Id.* at ¶ 5).

---

[1] Direct evidence is "evidence, which if believed, proves the existence of the fact in issue without inference or presumption." *Maynard*, 342 F.3d at 1288 (citing *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1189 (11th Cir. 1987)). If a plaintiff offers direct evidence and the trier of fact accepts that evidence, then the plaintiff has proven discrimination. *McCarthney v. Griffin-Spalding Cnty. Bd. of Educ.*, 791 F.2d 1549, 1553 (11th Cir. 1986).

On a motion to dismiss, the court is required to assume the veracity of Plaintiff's well-pleaded allegations. *Iqbal*, 556 U.S. at 678. Accordingly, consideration of Defendant's training policies, which were attached as an exhibit to Defendant's motion to dismiss, would be improper, as that evidence falls outside the four corners of Plaintiff's Amended Complaint. *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005). And, assuming the veracity of Plaintiff's well-pleaded allegations, Plaintiff's complaint plausibly pleads that she was qualified for her position, and that she was asked to resign and eventually terminated due to her pregnancy. Whether or not the facts of this case support her allegations is a question that will be addressed at the proper stage of this litigation.[2]

Moreover, assuming the veracity of Plaintiff's allegations, even if the court were to consider Plaintiff's qualifications under the Regulations at this stage, Plaintiff has not admitted that she was unqualified for the position. While Plaintiff has alleged that she provided a doctor's note that stated she *should* be excused from performing "PT training," she contends that it was Warden Bolling who determined that because she was pregnant she was unable to perform physical training. And, Plaintiff's complaint does not allege that she would have been unable to complete her training during the one year period Defendant describes; instead, it only addresses her physical abilities while pregnant. Given only the facts pled in Plaintiff's complaint, the court cannot assume that she was unable to complete the training requirements. Again, whether or not the facts of the case ultimately support Plaintiff's allegations remains to be seen. As currently pled, however, Plaintiff's complaint plausibly pleads a claim for relief under Title VII.

---

[2] In some instances, the court may construe a motion to dismiss as a motion for summary judgment; however, Defendant has not asked the court to do so here. And, "[i]t is within the judge's discretion to decide whether to consider matters outside of the pleadings that are presented to the court." *Jones v. Auto. Ins. Co. of Hartford, Conn.*, 917 F.2d 1528, 1531-32 (11th Cir. 1990). The court declines to do so. The court has not conducted a scheduling conference or entered a scheduling order in this case. The parties have not had an opportunity to conduct any discovery or present material evidence pertinent to a motion for summary judgment. Therefore, it would be inappropriate to construe Defendant's motion as one for summary judgment at this early stage.

## V.     Conclusion

Defendant's Motion to Dismiss (Doc. # 7) is due to be denied.  Defendant's Request for Oral Argument is moot.  A separate order will be entered.

**DONE** and **ORDERED** this August 10, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE